UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., ) ) ) Plaintiffs, ) ) vs. ) ) SFR & W, LLC, d/b/a St. Louis ) Foundation Pros, ) ) Defendant. ) | Case No. 4:11-CV-1863 (CEJ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to compel an accounting following an entry of default against defendant SFR & W, LLC, doing business as St. Louis Foundation Pros.  Defendant was served with a summons and a copy of the complaint on December 15, 2011, and has not filed an answer or otherwise appeared in this matter. On January 11, 2012, the Clerk of Court entered default against defendant.

I.   **Background**

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132.  Plaintiffs are four employee benefit plans (the Welfare, Pension, Vacation and Training funds), their trustees (collectively, the plans), and Local Union Nos. 42, 53 and 110 of the Laborers International Union of North America (the Union).  According to the complaint, defendant failed to submit contributions for the period of March 1, 2011, to May 31, 2011.

Plaintiffs submit the affidavit of Bernard Difani, administrative manager for the funds.  Mr. Difani states that, on October 13, 2008, defendant executed an agreement to be bound by the 2004-2009 collective bargaining agreement with the union.  On March 25, 2009, defendant executed an agreement to be bound by the 2009-2014 successor agreement.  Under the terms of the agreements, defendant is obligated to submit monthly report forms and contributions.  The agreements also give plaintiffs the right to audit defendant's financial records.  Mr. Difani attests that defendant has submitted some reports, but that the accuracy of those reports cannot be determined without an audit.  Plaintiffs seek an order compelling defendant SFR & W, LLC, to submit to an audit for the period October 13, 2008, to the present.

Rule 55(b)(2)(A) of the Federal Rules of Civil Procedure allows a court to enter an order compelling an accounting when necessary to enter or effectuate a judgment. In the present case, the plaintiffs cannot determine the full amount of unpaid contributions and liquidated damages that are owed to them without conducting an audit of the defendant's books and records for the period after October 13, 2008.  The information obtained through the audit is necessary to enable the Court to enter judgment in the correct amount and, therefore, the plaintiffs' motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for a default order to compel an accounting [Doc. # 6] is **granted**.

**IT IS FURTHER ORDERED** that, not later than **April 2, 2012** defendant SFR & W, LLC, doing business as St. Louis Foundation Pros., shall produce for inspection by plaintiffs all books, ledgers, payroll records, bank statements and other documents

reflecting or pertaining to all hours worked by and wages paid to employees of SFR & W, LLC, for the period beginning October 13, 2008, to the date of the audit.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to defendant SFR & W, LLC, at the following address:

>SFR & W, LLC
>6814 South Broadway
>St. Louis, MO 63111

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of March, 2012.